In the Matter of Sheri Goodman SHAFFER.

No. 20 DB 2005 (No. 31 RST 2005).

Supreme Court of Pennsylvania.

Aug. 3, 2005.

ORDER

PETITION FOR REINSTATEMENT FROM INACTIVE STATUS

PER CURIAM:

AND NOW, this 3rd day of August, 2005, the Report and Recommendations of the Disciplinary Board dated June 10, 2005, are approved and IT IS ORDERED that SHERI GOODMAN SHAFFER, who has been on inactive status, has never been suspended or disbarred, and has demonstrated that she has the moral qualifications, competency and learning in law required for admission to practice in the Commonwealth, shall be and is, hereby reinstated to active status as a member of the Bar of this Commonwealth. The expenses incurred by the Board in the investigation and processing of the Petition for Reinstatement shall be paid by the Petitioner.

John Andrew GREGG, Executor of the Estate of John I. Gregg, Jr., Deceased, Respondent

v.

V–J AUTO PARTS, INC., Petitioner.

Supreme Court of Pennsylvania.

Sept. 8, 2005.

ORDER

PER CURIAM:

AND NOW, this 8th day of September 2005, the Petition for Allowance of Appeal is hereby GRANTED limited to the following issue:

In a products liability suit brought against the manufacturer or supplier of a product containing asbestos, to survive summary judgment must the plaintiff show frequent use of, and regular close proximity to, the product, even if the plaintiff presents direct evidence of inhalation?